REIDUN STRØMSHEIM # 104938
FRED HJELMESET # 184744
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
fhjelmeset@stromsheim.com

Attorneys for Trustee,
MOHAMED POONJA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL B. HALPERN and<br>TAMMRA L. HALPERN<br>SSN xxx xx 8403<br>    xxx xx 6152<br><br>      Debtors.<br>_____<br><br>MOHAMED POONJA, Trustee,<br>      Plaintiff<br><br>v.<br><br>DANIEL B. HALPERN and<br>TAMMRA L. HALPERN,<br>      Defendants. | Case No. 09-53115 MM<br><br>Chapter 7<br><br><br><br><br><br><br><br>AP No. _____ |

## COMPLAINT TO BAR AND/OR REVOKE DEBTORS' DISCHARGE

COMES NOW, Mohamed Poonja, trustee of the above bankruptcy estate, and alleges as follows:

///

///

# JURISDICTION

1. Jurisdiction over this action exists pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334, and venue is proper pursuant to 28 U.S.C. §1409.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157.

# PRELIMINARY ALLEGATIONS

3. Daniel B. Halpern and Tammra L. Halpern ("Debtors") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 27, 2009 ("Petition Date"). The last day to object to Debtors' discharge was July 27, 2009.

4. Mohamed Poonja ("Plaintiff" or "Trustee") is the duly appointed, qualified and acting trustee of the Chapter 7 estate.

5. The Debtors are individuals residing in the State of California.

6. The Debtor Daniel B. Halpern ("Mr. Halpern") is an attorney and member of the California State Bar.

7. On the Petition Date, Debtors owned accounts receivable ("Accounts"), which were valued at $152,500 in their Schedule B. Debtors further stated in their Schedule B that they anticipated collecting 25% over time. The Accounts are not claimed exempt.

8. The non-exempt Accounts are property of this bankruptcy estate, pursuant to 11 U.S.C. § 541.

9. The Trustee is informed and believes that the Debtors have collected the Accounts and are continuing to collect the Accounts, using the proceeds thereof for their own benefit.

10. The Trustee has the absolute right to use, sell, or lease, the property belonging to this estate, including the Accounts and the proceeds therefrom, pursuant to 11 U.S.C. §363(b).

11. The Debtors are required by law to cooperate with the Trustee, pursuant to 11 U.S.C. §521(a)(3).

12. The Debtors are required by law to surrender to the Trustee all property of the estate and all recorded information relating to property of the estate, pursuant to 11 U.S.C. §521(a)(4).

13. After the meeting of creditors on July 9, 2009, the Trustee made several attempts to

meet with Debtors to review their financial information, Accounts, and the back up information related thereto. However, the Debtors cancelled every appointment.

14. In November 2009, Trustee sought employment of counsel, and immediately upon employment, on December 5, 2009, Trustee's counsel obtained an order for 2004 examination of the Debtors to be held on December 29, 2009. Again, the Debtors cancelled.

15. An examination of Mr. Halpern finally took place on January 13, 2010, but he provided incomplete records regarding the Accounts. From the records produced, it appears that the actual total of the Accounts amounts to more than $375,000. Moreover, Mr. Halpern admitted to having collected portions of the Accounts and having used such proceeds for the Debtors' own benefit.

16. The Debtors have failed to surrender to the Trustee any portion of the funds collected from the Accounts. Instead, they have admittedly collected proceeds from the Accounts and continue to collect proceeds from the Accounts for their own use, and have refused, and continue to refuse to turn such funds over to the Trustee.

17. Although the last day to object to Debtors' discharge was July 27, 2009, it appears that no discharge order has been entered as of this time. Accordingly, the Trustee is proceeding under both 11 U.S.C. §727(c)(1) and §727(d).

## FIRST CLAIM FOR RELIEF
### [Revocation of Discharge - 11 U.S.C. § 727(d)(1)]

18. Plaintiff re-incorporates the allegations set forth above, as though fully set forth herein.

19. The Trustee believes that if a discharge is entered herein, Debtors' discharge would have been obtained through fraud, and that the Debtors have had the intent, from the Petition Date through this time, to retain for themselves the proceeds from the Accounts, which constitute non-exempt estate property, and have in fact retained for themselves the proceeds from the Accounts the non-exempt equity in the Property, as shown by the Debtors' own admissions and their deliberate efforts to hinder and prevent the Trustee from taking control over such proceeds.

20. The Trustee did not know that this was the Debtors' intent at the time he held the meeting of creditors and when the time to object to Debtors' discharge ran out on July 27, 2009.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CLAIM FOR RELIEF
### [Revocation of Discharge - 11 U.S.C. §727(d)(2)]

21. Plaintiff re-incorporates the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

22. The Debtors have acquired property that is property of the estate and have knowingly and fraudulently failed to report the acquisition of such property, and have failed to deliver or surrender such property to the Trustee. From the Petition Date to this time, the Debtors have collected the Accounts and are continuing to collect the Accounts, using the proceeds thereof for their own benefit.

WHEREFORE Plaintiff seeks relief as set forth below.

## THIRD CLAIM FOR RELIEF
### [Common-Law Conversion]

23. Plaintiff re-incorporates the allegations set forth above, as though fully set forth herein.

24. At all relevant times referenced herein, the Trustee had a claim for the Accounts and the proceeds collected therefrom, and continues to have the right to possess such proceeds and Accounts.

25. The Debtors have taken possession of and dominion over the Accounts and the proceeds collected therefrom for their own use.

26. Plaintiff did not consent to the Debtors taking possession of the Accounts or the proceeds collected therefrom.

27. The bankruptcy estate has been damaged and is being damaged by the Debtors' refusal to turnover the Accounts and the funds collected therefrom in an amount according to proof.

28. The conduct of the Debtors was a substantial factor in causing harm to the bankruptcy estate.

WHEREFORE Plaintiff seeks relief as set forth below.

///

## FIFTH CLAIM FOR RELIEF
### [Attorney Fees 11 U.S.C. §105 and California Civ. Code §3336]

29. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

30. The acts of the Debtors set forth in this complaint are of a nature and of a character that gives grounds for the award of attorney fees pursuant to Section 105 of the Bankruptcy Code to the Plaintiff in that the Debtors have wilfully violated the automatic stay of Section 362 of the Bankruptcy Code by taking deliberate acts against property of the estate.

31. The acts of the Debtors set forth in this complaint are of a nature and of a character that gives grounds for the award of attorney fees pursuant to California Civil Code §3336 in that the estate has been substantially harmed by the actions of the Debtors. The estate has had to incur attorney fees in the legal pursuit of the assets of the estate which pursuit was a direct result of the Debtors' violation of their duties to cooperate with the Trustee and to turn over to the Trustee all assets of the estate, and which attorney fees would not have been incurred without the unlawful actions of the Debtors.

WHEREFORE Plaintiff seeks relief as set forth below.

## SIXTH CLAIM FOR RELIEF
### [Objection to Discharge – 11 U.S.C. §727(a)(2)(B)]

32. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

33. The Debtors have committed an act specified in subsection (a)(2)(B) of section 727, to wit, the Debtors have with intent to hinder, delay, or defraud the Trustee concealed, removed, or transferred – or has permitted to be concealed, removed or transferred – property of the estate after the petition date.

34. The Debtors have intentionally concealed, removed, or transferred the funds they have collected on account of the Accounts during this case. The Accounts and the proceeds therefrom constitute property of the estate.

WHEREFORE Plaintiff seeks relief as set forth below.

///

## SEVENTH CLAIM FOR RELIEF
### [Objection to Discharge – 11 U.S.C. §727(a)(3)]

35. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

36. The Debtors have committed an act specified in subsection (a)(3) of section 727, to wit, the Debtors have concealed or failed to keep recorded information from which their business transactions might be ascertained.

37. The Debtors have concealed from the Trustee recorded information reflecting how and when the Debtors have collected on the Accounts and disposed of the proceeds collected therefrom.

WHEREFORE Plaintiff seeks relief as set forth below.

## EIGHTH CLAIM FOR RELIEF
### [Objection to Discharge – 11 U.S.C. §727(a)(4)(D)]

38. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

39. The Debtors have committed an act specified in subsection (a)(4)(D) of section 727, to wit, the Debtors have withheld from the Trustee recorded information relating to Debtors' property or financial affairs.

40. Although the Trustee is entitled to possession of documents and records reflecting the Debtors' collection, retention, and disposition of funds on account of the Accounts, Debtors have refused to comply with the Trustee's requests and continues to withhold such records.

WHEREFORE Plaintiff seeks relief as set forth below.

## NINTH CLAIM FOR RELIEF
### [Objection to Discharge – 11 U.S.C. §727(a)(5)]

41. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

42. The Debtors have committed an act specified in subsection (a)(5) of section 727, to wit, the Debtors have failed to explain satisfactorily a loss or deficiency of assets to meet the Debtors' liabilities.

43. The Debtors have taken possession of the Accounts and the proceeds collected

therefrom and have disposed of such funds without having provided any satisfactory explanation for this diminution in value of this estate asset.

WHEREFORE Plaintiff seeks relief as set forth below.

## **PRAYER**

1. For judgment barring and/or revoking the Debtors' discharge;
2. For damages for conversion in an amount according to proof;
3. For attorney fees according to proof;
4. For interest at 10% from the date of the conversions set forth above;
5. For costs of suit; and
6. For such other and further relief as the court deems just and proper.

DATED: April 5, 2010.

STROMSHEIM & ASSOCIATES

/s/ Fred Hjelmeset
Attorneys for Plaintiff,
MOHAMED POONJA, Trustee