Daniel B. Halpern & Tammra L. Halpern
111 North Market Street, Suite 1010
San Jose, California 95113
Telephone: (408) 286-8595

Defendants, In Pro Per

FILED
MAY 18 2010
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL B. HALPERN and<br>TAMMRA L. HALPERN<br><br>    Debtors.<br><br>MOHAMED POONJA, Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL B. HALPERN and<br>TAMMRA L. HALPERN,<br><br>    Defendants. | Case No.: 09-53115 MM<br><br>Chapter 7<br><br>**ANSWER TO COMPLAINT TO BAR AND/OR REVOKE DEBTORS' DISCHARGE**<br><br>AP No.: 10-5092 |

**COMES NOW** defendants, DANIEL B. HALPERN and TAMMRA L. HALPERN, and in response to Plaintiff's Complaint To Bar And/Or Revoke Debtors' Discharge filed herein, admit, deny and allege as follows:

    1. The answering defendants make no answer to the allegations in paragraphs 1 and 2 as they are legal conclusions and require no answers.

    2. The answering defendants admit the allegations in paragraphs 3, 4, 5, 6, and 7.

    3. The answering defendants make no answer to the allegation in paragraph 8 as it is a legal conclusion and requires no answer.

    4. The answering defendants deny knowledge or information sufficient to form a

-1-

belief as to the truth of the allegations in paragraph 9, and therefore deny such allegation.

5. The answering defendants make no answer to the allegations in paragraphs 10, 11, and 12 as they are legal conclusions and require no answer.

6. The answering defendants deny the allegations in paragraph 13.

7. The answering defendants admit the first sentence of the allegations in paragraph 14, but deny the second sentence.

8. The answering defendants admit that "An Examination of Mr. Halpern finally took place on January 13, 2010." The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15, and therefore deny such allegations.

9. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore deny such allegation.

10. The answering defendants make no answer to the allegations in paragraph 17 as they are legal conclusions and require no answer.

11. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 18.

12. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore deny such allegations.

13. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20, and therefore deny such allegation.

14. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 21.

15. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore deny such allegations.

16. The answering defendants repeat and re-allege the answers to paragraphs 1 through 22 as if fully set forth herein in response to paragraph 23.

17. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, 25, 26, 27, and 28, and therefore deny

such allegations.

18. The answering defendants repeat and re-allege the answers to paragraphs 1 through 28 as if fully set forth herein in response to paragraph 29.

19. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30 and 31, and therefore deny such allegations.

20. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 32.

21. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33 and 34, and therefore deny such allegations.

22. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 35.

23. The answering defendants deny the allegations in paragraphs 36 and 37.

24. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 38.

25. The answering defendants deny the allegations in paragraphs 39 and 40.

26. The answering defendants repeat and re-allege the answers to paragraphs 1 through 17 as if fully set forth herein in response to paragraph 41.

27. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42 and 43, and therefore deny such allegations.

## FIRST AFFIRMATIVE DEFENSE

(Waiver)

28. These answering defendants are informed and believe, and thereon allege, that plaintiff has engaged in conduct that constitutes a waiver of rights, and by reason of such waiver, defendants were excused from further performance.

-3-

ANSWER TO COMPLAINT TO BAR AND/OR REVOKE DEBTORS' DISCHARGE
Case: 10-05092    Doc# 8    Filed: 05/18/10    Entered: 05/20/10 10:44:48    Page 3 of 6

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

29. Defendants are informed and believe, and thereon allege, that by reason of the conduct of plaintiff, plaintiff is estopped to assert a right to relief against these answering defendants.

## THIRD AFFIRMATIVE DEFENSE

(Release)

30. Defendants are informed and believe, and thereon allege, that the plaintiff's actions constitute a full release and waiver of any and all claims which may have existed against these answering defendants.

## FOURTH AFFIRMATIVE DEFENSE

(Consent)

31. Plaintiff approved of, ratified or acquiesced in the conduct of defendants at all times mentioned in the complaint. Plaintiff is therefore barred from recovery as a result of any conduct on the part of defendants, if any, because of plaintiff's approval, ratification or acquiescence in that conduct.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

32. At all times relevant hereto, the responding defendants allege that plaintiff could have, by the exercise of reasonable diligence, limited or prevented its own damages, if any, as a result of the occurrence(s) alleged in the Compliant and has failed or refused to do so. Such failure or refusal on the part of the plaintiff constitutes a failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

33 Defendants are informed and believe, and thereon allege, that plaintiff unreasonably delayed bringing suit against defendants, thereby prejudicing defendants' rights. Therefore, all of the equitable causes of action of the Complaint are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

34. Defendants are informed and believe, and thereon allege, that plaintiff engaged in inequitable conduct, which conduct constitutes unclean hands, and by engaging in said conduct, plaintiff is, therefore, barred from seeking equitable relief upon such causes of action contained in plaintiff's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

35. At all times material herein, defendants acted toward the plaintiff reasonably and in good faith.

## NINTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

36. Defendants specifically reserve the right to amend their answer and any affirmative defenses alleged herein as allowed and permitted under United States and California law.

## PRAYER FOR RELIEF

**WHEREFORE**, these answering defendants pray:

1. That plaintiff take nothing by his Complaint on file herein and that the same be dismissed;
2. For reasonable attorney's fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: May 17, 2010

_____
DANIEL B. HALPERN
In Pro Per

_____
TAMMRA L. HALPERN
In Pro Per

## DEMAND FOR JURY

Defendants demand a trial by jury.

Dated: May 17, 2010

                                        /s/ Daniel B. Halpern
                                        DANIEL B. HALPERN
                                        In Pro Per

                                        /s/ Tammra Halpern
                                        TAMMRA L. HALPERN
                                        In Pro Per